Andrew T. Solomon (AS 9200)
Gretchen S. Silver (GS 1534)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

John D. Cox (Pro Hac Vice)
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 West Jefferson Street, Ste. 2100
Louisville, Kentucky 40202
(502) 589-4215

*Attorneys for Defendants Michael J. Principe, Blue Equity, LLC, and Blackwave Sports Investment Company, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| PIPER JAFFRAY & CO., | Civil Action No. 1:10-CV-4978 (NRB) |
| Plaintiff, | ECF CASE |
| -against- | **ANSWER OF DEFENDANTS MICHAEL J. PRINCIPE, BLUE EQUITY, LLC, AND BLACKWAVE SPORTS INVESTMENT COMPANY, LLC TO AMENDED COMPLAINT** |
| MICHAEL J. PRINCIPE, BLUE EQUITY LLC, BEST, and BLACKWAVE SPORTS INVESTMENT COMPANY, LLC, | |
| Defendants. | |

------------------------------------------------------------x

Defendants Michael J. Principe ("Principe"), Blue Equity, LLC ("Blue Equity"), and Blackwave Sports Investment Company, LLC ("Blackwave Sports" and collectively with Principe and Blue Equity, "Defendants"), by counsel, for their Answer to the Complaint state as follows:

1. With respect to the allegations set forth in Paragraph 1 of the Complaint, Defendants state that the Engagement Letter speaks for itself. To the extent the

introductory allegations of Paragraph 1 are inconsistent with the Engagement Letter, the allegations are denied. All other allegations therein are denied.

2. Defendants deny the allegations set forth in Paragraphs 2 and 3.

3. Defendants admit the allegations set forth in Paragraph 4.

4. Defendants deny the allegations set forth in Paragraph 5.

5. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 and therefore deny same.

6. With respect to the allegations set forth in Paragraph 7, Defendants admit that Principe is an individual who resides in Brooklyn, New York, was the COO of Blue Equity during certain periods, with an office at 220 West 42nd Street, New York, New York 10036, and was one of the directors of Blackwave Sports during certain periods. To the extent the allegations are inconsistent with these statements, they are denied.

7. Defendants deny the allegations set forth in Paragraphs 8, 9 and 10.

8. With respect to the allegations set forth in Paragraph 11, Defendants state that the Engagement Letter speaks for itself. To the extent the allegations are inconsistent with the Engagement Letter, the allegations are denied, and Defendants also deny that a "Transaction" as defined under the Engagement Letter occurred. All other allegations are denied.

9. Defendants are without sufficient information to form a belief as to the truth to the allegation set forth in Paragraphs 12, 13 and 14 and therefore deny same.

10. With respect to the allegations set forth in Paragraphs 15 and 16, Defendants state that the Engagement Letter speaks for itself. To the extent the

allegations are inconsistent with the Engagement Letter, the allegations are denied. Defendants also deny that a "Transaction Fee" is due. All other allegations are denied.

11. With respect to the allegations set forth in Paragraph 17, Defendants deny the allegations of the first sentence. With respect to the remaining allegations, Defendants state the documents speak for themselves. To the extent a response is required, the allegations are denied.

12. Defendants deny the allegations set forth in Paragraphs 18.

13. With respect to the allegations set forth in Paragraph 19, Defendants admit that copies of the demand letter and invoice attached as Exhibit D to the Complaint were sent to Defendant Principe, as COO of Blue Equity, and David Roth, as Vice-Chairman of Blue Equity. Defendants deny all remaining allegations.

14. With respect to the allegations set forth in Paragraph 20, Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 – 19 as if fully set forth herein.

15. Defendants admit the allegations set forth in Paragraphs 21 and 22.

16. Defendants deny the allegations set forth in Paragraph 23.

17. With respect to the allegations set forth in Paragraph 24, Defendants admit that copies of a demand letter and invoice were sent to Defendant Principe, as COO of Blue Equity, and David Roth, as Vice-Chairman of Blue Equity. Defendants deny all remaining allegations.

18. Defendants deny the allegations set forth in Paragraph 25.

19. With respect to the allegations set forth in Paragraph 26, Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 – 25 as if fully set forth herein.

20. Defendants deny the allegations set forth in Paragraph 27.

21. Defendants deny the allegations set forth in Paragraphs 28, 29, 30, 31 and 32.

22. All allegations not specifically admitted herein are denied.

**FIRST AFFIRMATIVE DEFENSE**

23. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

24. This Court lacks personal jurisdiction over defendants Blue Equity and Blackwave Sports.

**THIRD AFFIRMATIVE DEFENSE**

25. Plaintiff's Complaint is barred by the doctrines of waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

26. Plaintiff's Complaint is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

27. Plaintiff is equitably estopped from claiming entitlement to any fee pursuant to the Engagement Letter.

**SIXTH AFFIRMATIVE DEFENSE**

28. Plaintiff breached its duties of good faith and fair dealing owed to Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

29.     Plaintiff's Complaint is barred by conditions precedent necessary to the exercising of any rights under any agreement or Engagement Letter.

**EIGHTH AFFIRMATIVE DEFENSE**

30.     The venue in the United States District Court for the Southern District of New York is improper.

WHEREFORE, the Defendants ask for the following relief:

1.      Dismissal of Plaintiff's Complaint with prejudice;

2.      Trial by jury on all issues so triable which can be so tried;

3.      Their costs herein expended;

4.      Reasonable attorneys' fees;

5.      A declaration of rights pursuant to the Engagement Letter; and

6.      Any and all further relief to which they may appear entitled.

| | |
|---|---|
| Dated: New York, New York<br>October 5, 2010 | LYNCH, COX, GILMAN & GOODMAN, P.S.C. |

        By:  s/John D. Cox_____
           500 West Jefferson Street
           Suite 2100
           Louisville, Kentucky 40202
           Telephone Number:  (502) 589-4215
           Email:  jcox@lynchcox.com

           Sullivan & Worcester LLP
           Andrew T. Solomon (AS9200)
           Gretchen S. Silver (GS 1534)
           1290 Avenue of the Americas, 29th Floor
           New York, NY 10104
           Telephone Number:  (212) 660-3000

*Counsel for Defendants Michael J. Principe, Blue Equity LLC, and Blackwave Sports Investment Company, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Answer to Amended Complaint was filed and served this **5th** day of **October** on the following pursuant to the CM/ECF system:

Priscilla A. Donovan, Esq.
Donovan & Rainie, LLC
20 South Charles Street, Suite 319
Baltimore, MD  21201
Phone 410-685-8800
Fax 410 685-8885
Email: pard@donovanrainie.com

*Attorneys for Plaintiff*

           s/ John D. Cox_____
           John D. Cox