Andrew T. Solomon (AS 9200)
Gretchen S. Silver (GS 1534)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

John D. Cox (Pro Hac Vice)
LYNCH, COX, GILMAN & GOODMAN,
P.S.C.
500 West Jefferson Street, Ste. 2100
Louisville, Kentucky 40202
(502) 589-4215

*Attorneys for Defendants Michael J. Principe,
Blue Equity, LLC, and Blackwave Sports
Investment Company, LLC*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PIPER JAFFRAY & CO.,

            Plaintiff,

   -against-

MICHAEL J. PRINCIPE, BLUE EQUITY LLC,
BEST, and BLACKWAVE SPORTS
INVESTMENT COMPANY, LLC,

            Defendants.
-----------------------------------------------------------x

Civil Action No. 1:10-CV-4978 (NRB)

ECF CASE

**AGREED PROTECTIVE ORDER**

The parties having reached an agreement, and the Court being otherwise sufficiently advised,

It is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character which is designated a "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, electronic data, electronically-stored information, information revealed during a

deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" a party will make such designation only as to that information that it in good faith believes contains confidential information claimed to be proprietary, a trade secret, or confidential business or personal information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be so classified.

3. "Qualified Persons," as used herein means:

   (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   (b) Actual or potential experts or consultants who have been provided a copy of this protective order and who have signed a document agreeing to be bound by the terms of this protective order;

   (c) The parties in this litigation, and any of their current or former employees who may be called as witnesses in this action provided that such persons agree to be bound by the terms of this Protective Order; any parties who are added to this litigation by Order of the Court, and as such will be bound by the terms of this Protective Order; and any non-parties, including but not limited to their employees or former employees, who may be called as witnesses in this action who were involved in the conduct and/or the transaction or series of transactions at issue in the Amended Complaint provided that such persons agree to be bound by the terms of this Protective Order.

4. Documents or discs containing electronically-stored data or information which are produced in this action may be designated by any party or parties as Confidential Information by marking each disc or each page of the document(s) so designated with a stamp stating "Confidential".

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as Confidential Information for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript.

6. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons and shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents or data. Copies of documents or electronically-stored data or information produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

7. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any witness in this matter, irrespective of which party produced such information.

8. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential". The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

9. Nothing shall be regarded as "Confidential" if it is information that either:

  (a) is in the public domain at the time of disclosure, as evidence by a written document;

  (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

  (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

  (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information used therein shall be filed under seal with the Court.

11. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other data or information shall be subject to the provisions of this order.

12. Within thirty (30) days after conclusion of this litigation and any appeal thereof, upon request by the producing party, any document and all reproductions of documents, data, or information produced by a party, in the possession of any of the persons qualified under Paragraph 3 shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents, data, or information produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents or data that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

13. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Confidential Information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

*[signature]*
Judge

*October 25, 2010*
Date

AGREED TO BY:

s/ Priscilla A. Donovan
Priscilla A. Donovan, Esq.
Donovan & Rainie, LLC
20 South Charles Street, Suite 319
Baltimore, MD 21201
Phone 410-685-8800
Fax 410 685-8885
Email: pard@donovanrainie.com
(PD 6345)
*Attorneys for Plaintiff, Piper Jaffray & Co.*

s/John D. Cox
Lynch, Cox, Gilman & Goodman PSC
500 West Jefferson Street
Suite 2100
Louisville, Kentucky 40202
Telephone Number: (502) 589-4215
Email: jcox@lynchcox.com

Sullivan & Worcester LLP
Andrew T. Solomon (AS9200)
Gretchen S. Silver (GS 1534)
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
Telephone Number: (212) 660-3000
*Counsel for Defendants Michael J. Principe Blue Equity LLC, and Blackwave Sports Investment Company, LLC*